IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLIE L. HARDY,

                                                                  OPINION AND ORDER

        Plaintiff,

                                                                   12-cv-872-bbc

    v.

STONE HOUSE DEVELOPMENT,
ANGELA BROCKMAN and
KASIE SETTERLUND,[1]

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        In this proposed civil action, pro se plaintiff Charlie L. Hardy alleges that, because of her race, defendants Stone House Development, Angela Brockman and Kasie Setterlund threatened to evict her if she attended college. In addition, she alleges that after she filed a claim with the Equal Rights Division, defendants retaliated against her in various ways.

        In an order entered on January 29, 2013, I dismissed plaintiff's complaint under Fed. R. Civ. P. 8 because the complaint did not include enough allegations to state a plausible claim for relief. Plaintiff has filed an amended complaint, dkt. #8, but I am unable to screen it at this time because it fails to comply with Rule 8 and this court's practices. Plaintiff may have one more opportunity to amend her complaint.

---

[1] Defendants Angela Brockman and Kasie Setterlund were omitted unintentionally from the previous order entered on January 29, 2013.

When I dismissed plaintiff's complaint, I explained that if plaintiff wanted to proceed, she had to file a completely new complaint to replace the original complaint. The amended complaint was to include all the facts about her claim, explaining what happened to her, when it happened and who did it. I said that she should write her new complaint as if she were telling a story to someone who knew nothing about her situation. I also explained that she should write the facts in short, numbered paragraphs.

Plaintiff did not follow these instructions when she wrote her proposed amended complaint. First, it is not a complete complaint. It does not have a caption identifying the defendants. Plaintiff does not say what relief she wants. She has omitted many of the allegations from her original complaint, including allegations describing the alleged harassment or explaining when she left her apartment. In addition, plaintiff has filed two supplements to her proposed amended complaint, dkts. ##10, 12, that offer additional factual allegations. Plaintiff seems to assume that the court will combine the amended complaint with her original complaint and the supplements. However, as I explained in the previous opinion, when a plaintiff seeks to amend the complaint, she has to file one new complaint containing all her allegations. It is too difficult and confusing for the parties and the court to look at different complaints to try to determine what claims plaintiff is asserting. All of the facts that plaintiff believes are necessary to an understanding of her claim should be included in a single amended complaint.

Second, the proposed amended complaint is not written in short and plain numbered paragraphs. The complaint includes several lengthy paragraphs that address more than one

topic. In addition, several statements are written in the margins of the pages. If plaintiff files an amended complaint, she should write the complaint in numbered paragraphs and limit each paragraph as much as possible to a separate fact or event. She should not write in the margins.

Last, plaintiff's amended complaint includes 111 pages of documents and photographs with notes. The court cannot sift through these documents to determine the nature of plaintiff's claims. Moreover, defendants have no way to answer the documents. If plaintiff believes that these documents prove specific facts, she should write those factual allegations in the body of her complaint. Plaintiff does not need to file evidence with her complaint. If plaintiff is allowed to proceed on her claims, then she will have an opportunity to provide evidence.

Plaintiff may have until May 16, 2013 to file a proposed amended complaint. I have attached to this order a copy of the court's civil complaint form for plaintiff to use for guidance. I urge her to read the order entered on January 29, 2013 again before filing an amended complaint.

ORDER

IT IS ORDERED that plaintiff Charlie L. Hardy is DENIED leave to proceed on her claims and her complaint is DISMISSED WITHOUT PREJUDICE for violation of Fed. R. Civ. P. 8. Plaintiff may have until May 16, 2013, to submit a proposed amended complaint. If plaintiff fails to respond by that date, then the clerk of court is directed to close this case

for plaintiff's failure to prosecute. If plaintiff submits a revised complaint by that date, I will take the amended complaint under advisement for screening pursuant to 28 U.S.C. § 1915(e)(2).

Entered this 29th day of April, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge