IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHARLIE L. HARDY,

       Plaintiff,         ORDER

 v.

                     12-cv-872-bbc

STONE HOUSE DEVELOPMENT
and KASSIE SUTTERLAND,

       Defendants.

---

   At 1:44 p.m. on Friday, March 28, 2014, Plaintiff Charlie Hardy has filed a letter dated March 28, 2014, in which she asks the clerk of court to issue seven deposition subpoenas pursuant to Fed. R. Civ. P. 45(a)(3), for depositions to be held on Tuesday, April 2, 2014. *See* dkt. 34 and attachments). Plaintiff has not yet provided all of the necessary information, and in any case, her timing is much, much too tight, so I will direct the clerk of court not to issue the requested subpoenas at this time.

   In her motion, plaintiff says that she has located a stenographer who has agreed to report these depositions on a *pro bono* basis on April 2 ("that's why it seems so down to the wire," dkt. 34). Plaintiff, however, has not reported whether she has arranged to pay the required daily witness fees and transportation costs of the seven people she wishes to depose, and she has not indicated if she has arranged for service of the subpoenas, which must be made by a person who is 18 years old and not a party to the lawsuit.

   Rule 45(b)(1), Federal Rules of Civil Procedure, requires that plaintiff obtain service of the subpoenas and tender to each witness the fees for one day's attendance and the mileage expenses allowed by law. These fees cannot be waived by this court, *McNeil v. Lowney*, 831 F.2d 1368, 1373 (7th Cir. 1987), and this court has no money to pay for such expenses, even when the litigant is proceeding *pro se* and *in forma pauperis.* Any potential witness who receives a

subpoena but does not receive the witness fee and transportation costs may move to quash the subpoena for that failure, and the court would be bound to grant such a motion.

Finally, even if plaintiff had met these requirements, this court would not have issued subpoenas requiring third-party witnesses to appear for depositions on less than 24 hours' notice. Even if plaintiff could have served the subpoenas today (Tuesday, April 1, 2014), Rule 45(d)(1) requires that plaintiff not impose an undue burden or expense on a person subject to a subpoena, and Rule 45(d)(3)(A)(1) *requires* this court to quash a subpoena that fails to provide the witness with reasonable time to comply. As a general rule of thumb, this court deems seven to 10 days to be the *minimum* amount of time to require compliance with a subpoena, counting this time from when the witness actually is served with the subpoena or otherwise is adequately informed of the time, date and location of the deposition. This is in addition to payment of witness fees and transportation costs.

Accordingly, it is ORDERED that because plaintiff has not provided the necessary information, her request for the issuance of subpoenas is DENIED WITHOUT PREJUDICE.

Entered this 1st day of April, 2014.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge