IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLIE HARDY,

          OPINION AND ORDER

         Plaintiff,

          12-cv-872-bbc

   v.

STONE HOUSE DEVELOPMENT,
INC. and KASIE SETTERLUND,

         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Charlie Hardy sued defendants Stone House Development, Inc. and Kasie Setterlund (Stone House's director of operations), alleging that defendants discriminated against her on the basis of race, in violation of the Fair Housing Act, 42 U.S.C. § 3604(b) and of the Civil Rights Act, 42 U.S.C. § 1981 and § 1982, when they denied her an extension of her lease and provided her inferior and untimely service while she was a tenant. Defendants have moved for summary judgment, contending that they did not discriminate against plaintiff because of her race either in providing services to her when she was a tenant or when defendant Setterlund and other representatives of defendant Stone House told plaintiff that she could not maintain her lease in Section 42 and Historic Tax Credit multi-family housing if both she and her adult son were full-time students.

      Defendants know now that the information they gave plaintiff was incorrect, but they contend that giving the information to plaintiff was not an act of racial discrimination

1

because they believed it to be true and because they relied on the same information when they denied a Caucasian mother and her adult son a lease to an apartment in a Stone House facility.  I agree.  As for plaintiff's claims of discrimination in the provision of tenant services, plaintiff has not come forward with any facts that would support her claims, so as to create a genuine issue of material fact.  I conclude from the undisputed facts that defendants are entitled to summary judgment on all of plaintiff's claims of racial discrimination.

PRELIMINARY MATTERS

Defendants filed their motion on April 10, 2014, along with a brief and proposed findings of fact.  Plaintiff failed to respond to the motion, although she was given until May 12, 2014 in which to do so.  Instead, on May 22, 2014, she filed a motion for an extension of time.  The motion was opposed by defendants and denied on May 23, 2014 by the United States Magistrate Judge, who pointed out that he had warned plaintiff at the preliminary pretrial conference of the need to work diligently on her case so as to be able to meet the deadlines.  He also observed that plaintiff had not explained why she could not meet the deadline or why she had filed requests for discovery at a time when she knew she could not meet the deadline for filing her response to defendants' motion. Dkt. #54.  (In a May 22, 2014 letter to the court, dkt. #52, defendants advised the court that plaintiff had subpoenaed various individuals, including defendant Kasie Setterlund, for depositions to take place on May 22, 2014, 10 days after plaintiff's response to defendant's motion for summary judgment was due; in a second letter written later on May 22, 2014, dkt. #53,

defendants advised the court that plaintiff had asked on May 6, 2014 for issuance of a subpoena on the Wisconsin Housing and Economic Development Authority known as WHEDA, but had not given notice of the request to defendants before attempting service as required under Fed. R. Civ. P. 45(a)(4).)

On May 27, 2014, plaintiff filed a "Motion Obtaining Interlocutory Injunctive Relief Opposing Support for Summary Judgment," accompanied by an affidavit. Dkts. ##55 & 55. Defendants objected to the motion on two grounds: it seemed to be intended to be a late response to their motion for summary judgment, which the magistrate judge had refused to allow, and it did not comply with the court's procedures for the filing of motions for summary judgment. The filing consisted of no more than an affidavit and did not include any response to defendants' proposed findings of fact or any proposed findings of fact on plaintiff's own behalf. In addition, many of the attached exhibits lacked authentication, constituted hearsay or were not identified in plaintiff's affidavit.

Plaintiff's "Motion" is untimely and not in compliance with the court's procedures. However, because she is proceeding pro se, I have reviewed the affidavit to determine whether any of the averments in her affidavit are relevant, are within her own knowledge or properly supported. I conclude that none of them fall into any of these categories, so I will not take them into account when finding the undisputed facts.

UNDISPUTED FACTS

A. <u>Student Eligibility Information</u>

Stone House Development, Inc. is a Wisconsin corporation with corporate headquarters in Madison, Wisconsin. It is engaged in real estate development and consulting, specializing in Section 42 and Historic Tax Credit multi-family living. The company manages multi-family housing projects throughout Wisconsin, including the Marshall Apartments in Janesville, Wisconsin, where plaintiff lived with her adult son. The facility is a 55-unit building consisting of one and two-bedroom apartments.

Defendant Kasie Setterlund has held the position of Director of Operations for Stone House since 2005. (Defendant Stone House can act only through defendant Setterlund or the employees reporting to her so all further references to "defendant" will be to Setterlund.) Her responsibilities included interpretation of the rules regarding eligibility for participation in Section 42 housing projects, as well as answering questions that staff members may have about Section 42. She did not know plaintiff's race before plaintiff filed an Open Housing Law complaint in November 2011.

Plaintiff Charlie Hardy is African-American. She and her adult son, Jordan Young, applied for housing at Marshall Apartments on or about July 1, 2009 and were required to complete and sign the Affordable Certification Applicant Questionnaire that is required of every applicant for housing. Among other things, the questionnaire asked whether the applicants are full-time students. This question is included to insure that defendant Stone House complies with the Section 42 rules regarding occupancy by full-time students.

4

Plaintiff identified her son as a full-time student. They were given a lease for the period September 1, 2009 through September 1, 2010.

In May 2010, plaintiff filed an application to renew the lease for herself and her son. She completed a Affordable Recertification Applicant Questionnaire Housing, saying that both she and her adult son were planning to be full-time students in the fall, and submitted it to Angela Brockman, who was then the Property Manager for Marshall Apartments. Brockman told plaintiff she and her son would not be eligible for Section 42 housing if they were both full-time students, with "full-time" defined as being enrolled for at least a five month period during the lease term. Plaintiff does not know whether Brockman ever gave different information about full-time students to anyone. Plaintiff and her son renewed their lease for the following year and plaintiff canceled her plans to enroll at UW-Rock County.

Defendant has attended extensive training sessions conducted by WHEDA, including one held in May 2009, at which she received a manual entitled "Section 42 Affordable Housing Tax Credit Compliance Manual." The training materials included a series of questions and answers about eligibility for Section 42 housing. Defendant read the following question and answer as saying that if a unit was occupied by a single parent and her child, both of whom were full-time students, they would not qualify for Section 42 housing unless the child was a minor.

> Q10: What if you have a household composed of all full-time students?
> (Corresponds with the screen "Student Households" of the presentation)
>
> Section 42: (AHTC Compliance Manual, Chapter 3)

5

> A: If a single household applicant or all applicants are full-time students the household may not qualify. The household must meet one of the following exemptions:
>
> * * * * *
>
> 4. At least one full-time student is a single parent with a minor child (living in the household) and none of the tenants in the household is a dependent of a third party (other than parent of such children).

WHEDA Section 42 Affordable Housing Tax Credit Compliance Workshop pamphlet, dkt. #41-1, at 9. In October 2010, Jackie Murphy, a Stone House employee, accepted an application for a lease at another Stone House building in Madison, Wisconsin, from Meg Madecky, a woman Murphy believed to be Caucasian. Both Madecky and her adult son filled out the application, stating that both of them were enrolled as full-time students. They were advised by letter dated October 12, 2010, that they were ineligible for Section 42 housing, but that they could appeal the decision to the director of operations, defendant Setterlund. Madecky appealed, but her appeal was denied. At the time, both Setterlund and Murphy believed that a parent and an adult child would not be eligible for Section 42 housing if both were full-time students.

Sometime in the fall of 2010, plaintiff wrote to Tashayanna Mixson, an operations analyst for defendant Stone House, to ask about the full-time student rule. On December 3, 2010, Mixson wrote to say that two adult household members could attend school so long as both could not be considered full-time students within the same calendar year. One adult household member could be a full-time student for any five month period or longer in the calendar year while the other attended school for less than full-time.

On about July 24, 2011, plaintiff and her son completed a new Affordable Housing Recertification Applicant Questionnaire for 2011-12. Plaintiff wrote on the questionnaire that both she and her adult son were intending to attend school for at least five months during the coming year and she submitted a separate document entitled Non-Full-Time Student Certification, stating that she was a part-time student. Mixson responded with a letter explaining the student eligibility rules. It was her understanding that both plaintiff and her adult could not be full-time students and still qualify for Section 42 housing.

In the fall of 2011, Tyler Grover, an employee of WHEDA, talked with defendant about an inquiry from plaintiff. Grover explained that the rules relating to the eligibility of full-time students for Section 42 had caused confusion because they did not make it clear that the term "minor child" was intended to refer to a child who could still be claimed as a dependent on a parent's tax return, that is, a child under 24. Defendant passed the information on to other Stone House employees, including Mixson, and she directed Jackie Murphy to write plaintiff to acknowledge defendants' mistaken interpretation. In November 2011, WHEDA published revised guidelines in its compliance manual, removing the reference to minor child.

B. <u>Conditions of Plaintiff's Tenancy at Marshall Apartments</u>

In November 2010, a failed compressor caused the heat to go out in plaintiff's apartment. The compressor was repaired; in the interim, plaintiff was furnished space heaters and given reimbursement for any added utility expense. The repairs were handled in the

same manner as with similar problems for other tenants.

In June 2011, the central air conditioning for the Marshall Apartments malfunctioned and had to be repaired. All tenants were able to request a window unit or stay in a hotel room during the hottest days. Plaintiff asked about a window unit and was told she needed to ask for it. She does not know what information was given to other tenants.

In July 2011, plaintiff's washing machine began to leak. A work order was initiated and plaintiff's machine was replaced by one from an unoccupied unit. Management's response to this problem was similar to what it would have been for any other tenant.

During the period July 2011 to November 2011, plaintiff filed a number of complaints with the Janesville Police Department: one in July for the theft of cookies and medication from her apartment, one in October for the theft of a camera from her car and another one in October when she found a pile of feces next to her car door. Plaintiff suspected that property manager Brockman was responsible for each of the incidents, although, in the case of the cookies and medication, plaintiff's son lived with her and had friends visiting on occasions when plaintiff was not home. She has no physical evidence linking Brockman or anyone else to any of the incidents.

The Marshall Apartments facility has no areas specific to any tenant outside the building. Parking is available on a first come, first served basis. The tenants can enter and exit through different entrances. Plaintiff complained about snow removal and outside maintenance but all of the tenants were subjected to the same problems.

Plaintiff reported what appeared to be dog urine outside her apartment door, but was

unable to identify whose dog it might have been.  Residents are allowed to have pets.

Sometime before March 2012, plaintiff asked to terminate her lease.  Although her lease still had five months to run, she was allowed to end it early, without a penalty.

OPINION

A. 42 U.S.C. § 3604(b), 42 U.S.C. § 1981, U.S.C. § 1982

As relevant to this case, 42 U.S.C. § 3604(b) prohibits discrimination against any person in the terms, conditions or privileges of rental of a dwelling or in the provision of services in connection with the rental of a building because of race.  42 U.S.C. § 1981 provides that all persons within the United States have the same right to make and enforce contracts; 42 U.S.C. § 1982, provides that all citizens of the United States have the same right as enjoyed by white citizens to lease real property.  All three statutes require proof of intent to discriminate and may be considered together.  General Building Contractors Association v. Pennsylvania, 458 U.S. 375, 389 (1982) ("§ 1981 reaches only purposeful discrimination); Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252, 264-65 (1977) (in case involving municipality's refusal to rezone to allow housing, plaintiff must show discriminatory intent or purpose); East-Miller v. Lake County Highway Dept., 421 F.3d 558, 563 (7th Cir. 2005) (housing claim under 42 U.S.C. § 3617, making unlawful interference with any person in exercise of any right protected by § 3604 and other statutes, requires proof of intent to discriminate).

Plaintiff has alleged that defendant or one of the employees reporting to her treated

9

her differently because of her race. If these allegations can be proved, defendant Stone House will be held liable as well. "[I]n housing discrimination cases, 'a principal [such as defendant Stone House] is responsible for the wrongful acts of its employees.'" United States v. Balistrieri, 981 F.2d 916, 930 (7th Cir. 1992) (quoting Hamilton v. Svatick, 779 F.2d 383, 388 (7th Cir. 1985)).

To defeat the motion for summary judgment, plaintiff must show that there is a genuine issue of material fact on the question whether defendants intended to discriminate against her. Matushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). She does not need to prove that she would win at trial, but she does have to produce specific facts that, if believed by a jury, could allow the jury to find that race played a part in her treatment. In other words, plaintiff must show that she has evidence of specific facts that show that defendant intended to discriminate against her because of her race.

To show that defendant intended to give plaintiff incorrect information about her qualifications to live in Section 42 housing (or to treat her worse than other tenants in various ways) and that she formed that intent because of plaintiff's race, plaintiff cannot rely simply on the fact that defendant gave plaintiff incorrect information about being a student or approved of treating plaintiff differently from other tenants. Plaintiff must adduce evidence from which a jury could find that defendant took actions or failed to take actions with the intent to treat plaintiff differently from other tenants because of her race.

For instance, plaintiff could have produced evidence that she was treated differently from any other tenant in a Stone House housing unit because of her race. She has not cited

10

examples of persons who were not African-American who were told they could stay in Section 42 housing as full-time students, whereas defendant has shown that a Caucasian applicant was given the same information defendant gave plaintiff. Plaintiff has not come forward with examples of white persons living at Marshall Apartments who were given services that were not available to plaintiff.

Plaintiff might have come forward with evidence that defendant's asserted reason for giving plaintiff incorrect information about schooling that was not believable, but she has not done this. She has alleged that defendant treated her differently by leaving feces next to her car and pet urine outside her apartment door, but has produced no evidence whatsoever that defendant or one of her subordinates was responsible for these acts and, if so, they acted for racially discriminatory reasons. Finally, even if she had proved her allegation that defendant failed to remove snow promptly, she could need additional evidence to show that this was a discriminatory act, since every other tenant in the building would have similarly inconvenienced.

In sum, plaintiff has not come forward with any evidence showing that defendant or any of her subordinates treated her differently because of her race and thereby discriminated against her under 42 U.S.C. §§ 1981, 1982 or 3604. Accordingly, summary judgment will be granted in favor of defendants.

ORDER

IT IS ORDERED that the motion for summary judgment filed by defendants Stone

House Development, Inc. and Kasie Setterlund, dkt. #37, is GRANTED.  The clerk of court is directed to enter judgment for defendants and close this case.

Entered this 15th day of July, 2014.

                                            BY THE COURT:
                                            /s/
                                            BARBARA B. CRABB
                                            District Judge